UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BESSIE MARTINEAR ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| NELSON, WATSON & ) | |
| ASSOCIATES, LLC ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Bessie Martinear, by and through her undersigned counsel, Brent Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Bessie Martinear, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in the District.

### III. PARTIES

4. Plaintiff, Bessie Martinear, is an adult natural person residing at 7908 Gulf Road, S., Jacksonville, FL 32244. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Nelson, Watson & Associates, LLC ("Defendant"), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 80 Merrimack Street, Lower Level, Haverhill, MA 01830 and a registered office located at 2704 Commerce Street, Ste. B, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around March 29, 2010, Plaintiff began receiving calls from Defendant in regards to a debt allegedly owed on a Home Depot account for approximately $3,908.65.

8. At that time Plaintiff informed the Defendant that she had engaged the services of the law firm of Persels & Associates, LLC to aid her in the settlement of her outstanding debt.

9. Plaintiff offered Defendant's agent the telephone number of Persels & Associates, LLC and asked Defendant to call their firm directly on this matter.

10. Defendant refused to take the number and said that they would not call them.

11. Plaintiff continued to get calls throughout the months of April and May, 2010.

12. On or about April 13, 2010, Persels & Associates, LLC sent a "cease and desist" letter to the Defendant reminding them that they were representing the Plaintiff and that all calls on this matter should go to their firm directly. **See Exhibit "A" (letter) attached hereto.**

13. Plaintiff continued to get calls, notably on the following days:

- 4/15/10

-4/16/10

-4/20/10

-5/12/10

-5/16/10

-5/17/10

14. Plaintiff would ask Defendant each time to call and speak with her attorney at Persels.

15. On the May 12, 2010, call Defendant hung-up on the Plaintiff when she asked the agent to call Persels.

16. On that same day, an agent of the Defendant called back and told the Plaintiff that they called Persels and that Persels told them that the Plaintiff was not a client.

17. Plaintiff called Persels & Associates right after that call and was told that there was no record of a call from Defendant at that time.

18. On or about May 13, 2010, Persels & Associates did receive a call from an agent of the Defendant who spoke with a representative there named Steph.

19. Defendant's agent told Steph that the Plaintiff told him to call because they could pay the debt off in full for her.

20. Persels representative went on to explain to Defendant's agent that this was not the way that Persels representation worked.

21. Persels representative called Plaintiff back and asked her why she told the Defendant that they would be able to pay them back the full amount.

22. Plaintiff insisted that she never gave Defendant that information.

23. On or about May 17, 2010, Plaintiff received another call from Defendant again demanding that payment be made on this account.

24. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

25. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

   §§ 1692c(a)(2)  After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

| | |
|---|---|
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Nelson, Watson & Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                **Respectfully submitted,**

                                                **WARREN & VULLINGS, LLP**

**Date: May 27, 2010**                 **BY:**   */s/ Brent F. Vullings*
                                               Brent F. Vullings, Esquire

                                                Warren & Vullings, LLP
                                                1603 Rhawn Street
                                                Philadelphia, PA  19111
                                                215-745-9800   Fax 215-745-7880
                                                Attorney for Plaintiff